

WWW.RIVKINRADLER.COM

SEAN F. MCALOON
(516) 357-3102
Sean.mcaloon@rivkin.com

November 1, 2016

**VIA ECF**
Honorable Kenneth M. Karas, U.S.D.J.
United States District Court - SDNY
300 Quarrapos Street
White Plains, New York 10601

      Re:   *Sarah Cohen v. State Farm Fire and Casualty Company, et al.*
             Docket No.: 15-cv-3759(KMK)

Dear Judge Karas:

This firm represents Defendant State Farm Fire and Casualty Company ("State Farm") in the above-captioned action. Pursuant to Your Honor's Order, I write to respond to Plaintiff's counsel, Jason Lowe's letter, dated October 27th.

As an initial matter, I wish to advise the Court that State Farm has considered Your Honor's views, as expressed during the conference held on October 21st, regarding a motion for summary judgment based upon State Farm's policy defenses and has decided not to proceed with the motion on those grounds. However, as stated in my letter, dated October 26th, State Farm does intend to proceed with a motion to dismiss Plaintiff's claim for attorney's fees as consequential damages, which is ripe for summary judgment, as it presents a purely legal issue to be decided by the Court. Since this issue was not addressed at the prior conference, although it was raised in State Farm's pre-motion conference letter, dated October 6th, State Farm respectfully requests that the Court hold a brief teleconference to discuss same. As will be discussed below, my intention in writing to the Court on October 26th was, and continues to be, to attempt to avoid motion practice on this issue.

I believe that Mr. Lowe is mistaken when he states that the Court denied State Farm the right to make a motion for summary judgment during the conference held on October 21st. While it was clear that Your Honor was skeptical of the utility and ultimate success of State Farm's anticipated motion for summary judgment due to potential issues of fact, which might prevent the Court from granting the motion in its entirety, it was not my understanding that the Court was denying State Farm the right to make the motion and, in fact, the Court has not issued an Order to that effect. In any event, as stated above, State Farm has heard the Court and will not proceed with the motion based upon its coverage defenses, which was the sole issue discussed during the conference.

Further, when I stated in my email to Mr. Lowe, which he attached to his letter as Exhibit "A", that I am not aware of any authority that gives Your Honor the power to deny State Farm the right to make its motion, even though Your Honor had expressed the view that the motion would not result in a

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



Page 2

complete dismissal of Plaintiff's action, I intended no disrespect to the Court. Indeed, I am not aware of any such authority and after reviewing the Federal Rules of Civil Procedure, the Local Rules of the Southern District and Your Honor's Individual Rules, as well as discussing this issue with attorneys with greater experience than I possess, I have not found, nor have I been directed to such authority.[1] If I am mistaken, then I am certain the Court will so advise. However, if I am correct, then Mr. Lowe's position is simply wrong and State Farm may proceed to make its motion for summary judgment seeking to dismiss Plaintiff's claim for attorney's fees regardless of whether the Court grants its request for another conference to address same.

With regard to State Farm's motion to dismiss Plaintiff's claim for attorney's fees as consequential damages, as stated in my letter, dated October 26th, this issue was timely raised in my pre-motion conference letter, dated October 6th, but I failed to raise it during the conference. As the Court will recall, our discussion focused exclusively on the policy coverage issues, and not Plaintiff's claim for attorney's fees. While I certainly should have raised it then, I do not believe that the failure to do so precludes me from raising it in my subsequent letter, as there has been no prejudice to Plaintiff or any inordinate delay in attempting to raise the issue, since the conference was held just three business days prior to the filing of the letter. In light of the lack of any prejudice to Plaintiff by State Farm simply requesting that the Court weigh in on this issue, I find Mr. Lowe's hyperbolic response to my letter unwarranted.

Moreover, prior to filing my second letter with the Court, I attempted to speak with Mr. Lowe on Monday and Tuesday (the next business days following the conference) regarding Plaintiff's claim for attorney's fees, with the hope that Plaintiff would consider voluntarily withdrawing her claim for attorney's fees, which fail as a matter of law, thus, obviating the need to bring this issue to the Court's attention. When I was unable to reach Mr. Lowe on the phone, I sent him an email on Tuesday providing him with copies of the cases cited in my letter and requesting that Plaintiff consider withdrawing her claim for attorney's fees based on same. Mr. Lowe responded that he would not address the substance of the issue based on his belief that Your Honor had denied State Farm the right to make its motion, despite the fact that this issue was not addressed at the conference and provides an entirely separate basis for summary judgment on the limited issue of Plaintiff's claim for attorney's fees. Mr. Lowe conveniently omitted my initial email to him and his response from Exhibit "A" to his letter, so I have attached the complete email chain between us here as Exhibit "1."

After Mr. Lowe refused to discuss the merits of Plaintiff's claim for attorney's fees, my intention in filing the second letter was simply to bring this issue to the Court's attention in order to obtain the Court's view, in the hope of either convincing Plaintiff to voluntarily withdraw her claim for attorney's fees to avoid having to move against it, or to inform State Farm's decision of whether to move against the claim, if the Court disagreed with its position. As stated above, if State Farm maintains the right to file a motion for summary judgment, it was unnecessary for me to file the

---

[1] Needless to say, I am aware that Rule 11 prohibits a party from bringing a frivolous motion. However, State Farm's motion to dismiss Plaintiff's claim for attorney's fees would not qualify as such.



Page 3

second letter. However, I believed that the better course of action would be to raise this issue with the Court in an attempt to avoid motion practice.

As I stated in my email to Mr. Lowe, his refusal to engage on this issue in the face of the clear case law I provided belies his recognition that Plaintiff cannot maintain her claim for attorney's fees, as a matter of law, and he is relying on specious procedural arguments in an attempt to maintain this frivolous claim. In this regard, Mr. Lowe cites no authority other than Your Honor's Individual Rules for the proposition that State Farm is precluded from subsequently raising this issue with the Court or moving against the claim. However, I do not believe Your Honor's Individual Rules provide specific guidance regarding the uncommon situation presented here where, after timely raising a basis for summary judgment in my pre-motion conference letter, the issue was not raised at the pre-motion conference for the Court's consideration. While I regret any inconvenience this has caused, it was clearly the intention of the parties and the Court to discuss all potential bases for summary judgment during the conference. That is the sole reason that defendant seeks another conference.

Alternatively, if the Court is disinclined to hold another conference, I respectfully request that the Court set a briefing schedule for State Farm's motion for summary judgment solely seeking to dismiss Plaintiff's claim for attorney's fees, or issue an Order clarifying that State Farm may not make the motion and stating the basis for same.

I thank the Court for its attention to this matter and for considering this request.

                                        Respectfully submitted,

                                        RIVKIN RADLER LLP

                                        /s/

                                        Sean F. McAloon

cc: All counsel via ECF